IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARVIN GREEN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-21-254 |
| DPSCS, JCI WARDEN, ECI WARDEN, WCI WARDEN, NBCI WARDEN, and NBCI SGT. B., | * * | |
| Defendants. | * | |

***

# MEMORANDUM OPINION

Self-represented Plaintiff Marvin Green, an inmate presently incarcerated at North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed this civil action seeking protective custody, good time credits toward his sentence, and monetary damages. ECF Nos. 1, 8. Green claims "there is a hit on [his] life from many gangs," and that he was previously assaulted while incarcerated at Maryland Correctional Institution – Jessup ("MCIJ"), Western Correctional Institution ("WCI"), and Jessup Correctional Institution ("JCI"). ECF No. 8 at 2. Through correspondence received on April 23, 2021, Green alleges that he also fears the correctional staff at NBCI. ECF No. 20. On June 22, 2021, Defendants Department of Public Safety and Correctional Services ("DPSCS"), JCI Warden, Eastern Correctional Institution ("ECI") Warden, WCI Warden, NBCI Warden, and "NBCI Sgt. B" filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 28. On July 16, 2021, Green filed a response accompanied by exhibits. ECF No. 30.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Defendants' Motion shall be granted.

**Background**

Through his initial Complaint filed on January 29, 2021, Green claims that he has been physically assaulted several times while housed in DPSCS facilities, yet his continued request to be placed in protective custody has been denied or ignored by prison staff. Compl., ECF No. 1. In a supplement to the Complaint, Green adds that there is a "hit on [his] life from many gangs," and he was beaten with a broom at MCIJ and stabbed at JCI. Supp., ECF No. 8 at 2. Green claims that he requested protective custody prior to the attack at JCI, but JCI staff failed to protect him. *Id.* Instead, prison staff raised his security level and transferred him to ECI. *Id.* Green was later moved to WCI, where he previously received threats, ECF No. 13, and then to NBCI, ECF No. 19, where he claims the correctional staff has refused him showers and threatened him with sexual assault because he is a homosexual, ECF No. 20. Green also fears being raped by officers "out of retaliation." *Id.*

Defendants do not dispute that Green was assaulted by another inmate while he was housed at JCI on October 2, 2020. ECF No. 28-1 at 2-3. It does not appear, however, that Green had any known enemies at JCI prior to the assault. *See* Enemy Alert & Retractions, ECF No. 28-4 at 2. Within five days of the incident, Green was transferred to ECI and placed on administrative segregation. *Id.* According to DPSCS Case Management Manager Amy Gragg, administrative segregation is a special housing status in which an inmate is temporarily removed from general population pending investigations for their safety. Decl. of Gragg, ECF No. 28-3. Once the investigation is complete, a recommendation can be made for the inmate to return to general population. *Id.*

While at ECI, Green filed a single grievance complaining that he was placed in "ASOA," where he had no access to commissary. *See* ECF No. 28-2 at 6. He did not reference any threats,

2

nor did he claim that he feared being attacked. *Id.* On March 3, 2021, Green was transferred to WCI and remained in administrative segregation. *See* ECF No. 13; Decl. of Michael Yates, Case Management Manager, ECF No. 28-4 at 1. While at WCI, Green was not involved in any serious incidents, nor did he receive any infractions. ECF No. 28-4 at 1. Although Green's known enemies at WCI had either been released or had since retracted their enemy designation, ECF No. 28-4 at 2, Green was transferred to NBCI on April 1, 2021, out of an abundance of caution for his safety, *id.* at 1. Green has no declared enemies at NBCI. *Id.* Nonetheless, he remains in a single cell on administrative segregation. *See* ECF No. 30.

In his response to Defendants' Motion, Green acknowledges that he is safe in administrative segregation but notes that his placement is temporary, and he may be directed to return to general population, where he is at risk of being assaulted.[1] ECF No. 30 at 1. Green also complains that he is unable to get a job, earn good conduct credits, or access prison programs while in administrative segregation. *Id.* at 2. Thus, he seeks placement in protective custody. *Id.*

### Standards of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the

---

[1] Defendants note that on June 5, 2021, Green received an infraction for threatening to kill an inmate worker and refusing to remove his arm from the feed slot. ECF No. 28-5 at 2. Green pleaded guilty and received disciplinary segregation as well as loss of 60 good conduct credits. *Id.* at 5. He suggests in his "amendment" that the inmate worker from the altercation should be placed on his enemy list, but simultaneously says they are continuing to interact without incident. ECF 31.

3

elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

**Discussion**

**A. DPSCS**

As a preliminary matter, DPSCS is not a "person" subject to suit under 42 U.S.C. § 1983[2]

---

[2] That section states: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights,

4

and, therefore, Green's claims against it must be dismissed. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright, *et al.*, Fed. Prac. & Proc. § 1230 (2002). A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person, and DPSCS is not a person within the meaning of the statute. Thus, Green's claims against DPSCS shall be dismissed.

### B. Remaining Defendants

At the core of Green's Complaint is the claim that correctional staff have placed him in administrative segregation rather than protective custody, leading to his inability to get a job, earn good conduct credits, and access prison programs. Construed liberally, Green alleges a violation of his constitutional rights based on his cell assignment, as well as Defendants' potential failure to protect him from harm if he is returned to general population.

---

privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. §1983 (emphasis supplied).

To the extent Green alleges his placement in administrative segregation amounted to cruel and unusual punishment, his claim fails. Indeed, the Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein,* 825 F.3d 206, 218 (4th Cir. 2016). Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

"[T]to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that the deprivation of [a] basic human need was *objectively* sufficiently serious, and that *subjectively* the officials acted with a sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (internal alterations omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

To establish a sufficiently culpable state of mind, there must be evidence of deliberate indifference, in that a known, excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (applying the deliberate indifference standard to conditions of confinement claims); *see also Thompson v. Virginia*, 878

F.3d 89, 107 (4th Cir. 2017). "[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corrs.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)). To survive summary judgment, plaintiff must show facts sufficient for a reasonable factfinder to conclude that (1) he was exposed to a substantial risk of serious harm and (2) the defendants knew of and disregarded that risk. *Thompson*, 878 F.3d at 107 (citing *Farmer*, 511 U.S. at 834, 837-38) (internal quotations omitted).

Here, Green has not alleged that he was deprived of a basic human need or that he has suffered any serious injuries as a result of being housed in administrative segregation. To the contrary, he has acknowledged that he is safe in that housing unit. ECF 30 at1. The last injury he suffered took place while he was in general population at JCI, and he was immediately transferred to administrative segregation in another institution following that incident. In addition, Green is presently held at NBCI, where he has no known enemies. Thus, he has not established the imposition of cruel and unusual punishment amounting to a constitutional violation.

Moreover, it is well established that prisoners do not have a constitutional right to access jobs and programs, or to demand to be housed in one prison rather than another absent a showing of significant hardship. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978) (work assignments are at prison officials' discretion). "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Courts also should give great deference to decisions made by officials relating to their administration of a prison facility. *Bell,* 441 U.S. at 547. As the Supreme Court

has cautioned, "[t]he difficulties of operating a detention center must not be underestimated by the courts." *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 326 (2012). As it appears that Green was transferred to administrative segregation for his own safety, the decision to reassign him to this housing unit did not indicate deliberate indifference on the part of Defendants sufficient to establish a culpable state of mind. Defendants are thus entitled to judgment in their favor on this claim.

With regard to Green's allegations that he has been denied showers and threatened with sexual assault at NBCI, he fails to state a claim. As to the former, Green has offered no factual details regarding his requests to shower, other than stating he was denied one on April 19, 2021. *See* ECF No. 20. Being denied a shower on one day does not sufficiently state a constitutional harm. As to the latter, verbal abuse of inmates by guards, without more, does not establish an Eighth Amendment violation. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979). Specifically, "[a]lthough prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." *Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016) (per curiam) (quoting *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004)).

Finally, to the extent Green avers that Defendants retaliated against him, he must establish three elements: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) a causal connection exists between the first two elements, *i.e.*, his protected conduct motivated at least in part the adverse action. *See Thaddeus-X. v. Blatter*,175 F.3d 378, 394 (6th Cir. 1999). If there is no impairment of a plaintiff's rights, however, there is no need for the protection provided

by a cause of action for retaliation. Thus, a showing of adversity is essential to any retaliation claim. *Id.* at 599 (citing *Board of Regents v. Roth*, 408 U.S. 564, 576-78 (1972)).

Here, Green's rights have not been impaired, nor has he suffered any adversity while housed in administrative segregation at NBCI. Rather, the independent legitimate reason for his assignment to administrative segregation refutes his claim of retaliation. Furthermore, Green's unfounded belief that NBCI staff will sexually assault him, without more, fails to satisfy the required elements of this claim.

Finally, Green's fear that he will be moved from administrative segregation to general population has not been realized and cannot form the basis of his claim. Defendants are thus entitled to summary judgment.

## Conclusion

Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is granted. Green's claims against DPSCS are dismissed, and judgment is granted in favor of the remaining Defendants.

A separate Order follows.

<u>November 30, 2021</u>                          <u>        /s/              </u>
Date                                             Stephanie A. Gallagher
                                                 United States District Judge